# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVSON

SHANTANICE BARKSDALE,
         Plaintiff,         Case No.:
                                            Hon.

v.

COUNTY OF MACOMB, a Political
Subdivision of the State of Michigan;
DEPUTY MICHAEL GORGES individually
And in his Official Capacity as a Macomb County
Deputy;
DEPUTY AMANDA BACKERS individually
And in her Official Capacity as a Macomb County
Deputy;
DEPUTY JOHN DOE individually
And in their Official Capacity as a Macomb County
Deputy;
DEPUTY JANE DOE; individually
And in their Official Capacity as a Macomb County
Deputy.
         Defendants.

_____/

## **COMPLAINT AND JURY DEMAND**

      NOW COMES Plaintiff, Shantanice Barksdale, through her attorneys the

Law Offices of Ivan L. Land, P.C. she states the following for her complaint.

## JURISDICTION AND VENUE

1. This civil action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1343, and §1367.

3. Venue is proper under 28 U.S.C. §1391(b), as the events giving rise to the claims asserted in this complaint occurred within this district.

## THE PARTIES

4. Plaintiff, Shantanice Barksdale (hereinafter "PLAINTIFF"), is a resident of the County of Wayne, State of Michigan.

5. Defendant, County of Macomb (hereinafter "DEFENDANT MACOMB"), is a political subdivision of the State of Michigan.

6. Defendant, Michael Gorges (hereinafter "DEFENDANT GORGES"), was at all relevant times a County of Macomb Deputy and/or employed by DEFENDANT MACOMB, and acting under the color of law and within the scope of his employment.

7. Defendant, AMANDA BACKERS (hereinafter "DEFENDANT

BACKERS"), was at all relevant times a County of Macomb Deputy and/or employed by DEFENDANT MACOMB, and acting under the color of law and within the scope of her employment.

8. Defendant, John Doe (hereinafter "DEFENDANT JOHN"), was at all relevant times a County of Macomb Deputy and/or employed by DEFENDANT MACOMB, and acting under the color of law and within the scope of their employment.

9. Defendant, Jane Doe (hereinafter "DEFENDANT JANE"), was at all relevant times a County of Macomb Deputy and/or employed by DEFENDANT MACOMB, and acting under the color of law and within the scope of their employment.

10. DEFENDANT MACOMB is liable under state and/or federal law for all injuries proximately caused by:

a. Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage, and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

## FACTS

11. On May 13, 2020, PLAINTIFF surrendered herself to the Macomb County Jail to begin serving a 7-month jail sentence.

12. On July 17, 2020, PLAINTIFF complained of chest pains and requested to be examined by the nurse at the jail.

13. PLAINTIFF was examined by the nurse and it was determined that PLAINTIFF had normal vitals.

14. PLAINTIFF was released from the nurse's care.

15. PLAINTIFF was escorted back to her cell by DEFENDANT GORGES and DEFENDANT BACKERS.

16. PLAINTIFF'S hands were placed behind her back and handcuffed by DEFENDANT GORGES and DEFENDANT BACKERS.

17. PLAINTIFF complained that DEFENDANT GORGES and DEFENDANT BACKERS cuffed her hands too tight and thought they were going to break her wrist.

18. PLAINTIFF inquired about why her hands were cuffed so tight and DEFENDANT BACKERS stated "because you're twisting your arms on my partner, you turned on him, I just watched you do it!"

19. PLAINTIFF was so concerned that she stated to DEFENDANT GORGES and DEFENDANT BACKERS that "If you all break my wrist you will not have a job."

20. DEFENDANT GORGES and DEFENDANT BACKERS again accused PLAINTIFF of turning her head and suddenly DEFENDANT GORGES and DEFENDANT BACKERS rammed PLAINTIFF into a concrete wall forcing PLAINTIFF to turn her face and brace herself by using her chest and breast to avoid injury to her face.

21. **Less than two feet away from her cell**, DEFENDANT GORGES and DEFENDANT BACKERS again accused PLAINTIFF of turning her head and DEFENDANT GORGES then angrily stated " Stop turning your fucking head!" at that same time DEFENDANT GORGES and DEFENDANT BACKERS rammed PLAINTIFF into a steel window frame, and again PLAINTIFF turned her face and braced herself with her chest and breast to avoid injury to her face; however, when PLAINTIFF turned her head forward, DEFENDANT GORGES punched PLAINTIFF in the back of the head causing PLAINTIFF'S face to hit the steel window frame.

22. PLAINTIFF received the following injuries as a result of DEFENDANT GORGES and DEFENDANT BACKERS' actions:

    i.   Severe headaches;

    ii.    Broken and fractured teeth;

    iii.    Temporomandibular (T.M.J) disorder;

    iv.    Displaced teeth;

    v.    Non- Functional bite;

    vi.    Pain and abscessed teeth;

    vii.    Inflamed gingiva; and

    viii.    Difficulty and limited opening of the mouth.

23. PLAINTIFF learned that she will require at lease nine procedures/surgeries to attempt to correct the damage done by DEFENDANT GORGES and DEFENDANT BACKERS.

24. While attempting to assist PLAINTIFF, the nurse looked for PLAINTIFF'S broken tooth on the floor of the jail, DEFENDANT BACKERS voluntarily stated to the nurse, "the injuries occurred when we went to go turn her on the wall, she smacked her head on the side of here." DEFENDANT BACKERS was pointing to the steel window frame.   This statement made by DEFENDANT BACKERS regarding PLAINTIFF smacking her head was false.

25. Subsequently, PLAINTIFF was taken to McLaren Macomb Hospital ("hereinafter hospital") to have the injuries evaluated she sustained by DEFENDANT GORGES and DEFENDANT BACKERS.

26. Staff at the hospital were told by DEFENDANT JOHN that " this patient reportedly was running out of the unit trying to escape and in the course of restrained she was accidentally pushed into a wall (See Exhibit 1)."

27. On July 22, 2020, approximately five days after the initial incident, PLAINTIFF had to be taken back to the hospital because PLAINTIFF'S facial swelling had gotten worse.

28. According to hospital staff this visit, DEFENDANT JANE told staff the following, "staff at the prison noted that patient did strike her head repeatedly and sustained facial edema thereafter. . . . Per staff at the prison, due to repetitive self-inflicted facial trauma . . . . (See Exhibit 2)."

29. PLAINTIFF'S mother Gladys Odom (hereinafter "Mrs. Odom") discovered PLAINTIFF'S injuries while having a jail visit via video.

30. According to Mrs. Odom, she did not recognize PLAINTIFF because of the severe swelling in her face.

31. Mrs. Odom attempted to ask PLAINTIFF what happened and tried to take a photo of PLAINTIFF'S face, but the computer monitor was shut down for some unknown reason.

32. Mrs. Odom immediately called the Macomb County Jail to determine what happened to PLAINTIFF'S face.

33. Mrs. Odom learned that PLAINTIFF was in the medical unit, so Mrs. Odom's call was transferred to the medical unit.

34. Mrs. Odom asked the medical unit employee what happened to her daughter's (PLAINTIFF) face, and the employee informed Mrs. Odom that PLAINTIFF'S medical information could not be released.

35. Mrs. Odom and her family immediately rushed to the Macomb County Jail to demand answers regarding PLAINTIFF'S facial injuries.

36. Mrs. Odom and her family were taken into a closed room and were told by Sergeant Aaron Hurley that PLAINTIFF was involved in an altercation with an employee where that employee believed that PLAINTIFF would spit on them.

37. On July 23, 2020, Mrs. Odom again attempted to visit the PLAINTIFF at the jail, but Mrs. Odom was given multiple excuses as to why she could not visit PLAINTIFF.

38. Upon information and belief, DEFENDANTS were attempting to conceal PLAINTIFF'S injuries and how she received the injuries in the following manner:

    i. DEFENDANT BACKERS told nurse that PLAINTIFF was the cause of her injuries;

ii. DEFENDANT GORGES in a report stated that PLAINTIFF was not following orders and refused to be handcuffed;

iii. DEFENDANT JOHN told hospital staff that PLAINTIFF received her injuries trying to escape from jail;

iv. DEFENDANT JANE told hospital staff that PLAINTIFF injuries were self-inflicted;

v. DEFENDANT MACOMB failed to produce any photos or video footage of PLAINTIFF'S facial injuries on July 22, 2020 when PLAINTIFF had to be rushed back to the hospital because her facial swelling was so severe;

vi. DEFENDANT MACOMB refused to allow anyone to have contact with PLAINTIFF until her facial swelling decreased including but not limited to the following:

    a. PLAINTIFF'S family;

    b. PLAINTIFF'S attorney;

    c. Wayne County court staff where PLAINTIFF was involved in a child custody hearing but missed all hearing during that time. Wayne County court staff was told that PLAINTIFF was not available.

## COUNT I:
## §1983 MUNICIPAL/SUPERVISORY LIABILITY

**(DEFENDANT MACOMB)**

39. PLAINTIFF incorporates by reference the above paragraphs.

40. DEFENDANT MACOMB acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to PLAINTIFF.

41. These customs, policies, and/or practices included but were not limited to the following:

    a. Failing to supervise deputies/sheriffs to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise deputies/sheriffs regarding proper use of force;

    c. Failing to adequately train and/or supervise deputies/sheriffs regarding legal search and/or seizures;

    d. Failing to control and/or discipline deputies/sheriffs known to harass, intimidate, and/or abuse prisoners;

    e. Failing to supervise, review, and/or discipline deputies/sheriffs whom DEFENDANT MACOMB knew or should have known were

      violating or were prone to violate prisoner's constitutional rights, thereby permitting and/or encouraging its deputies/sheriffs to engage in such conduct;

    f. Failing to require compliance of its deputies/sheriffs and/or employees with established policies and/or procedures and/or rules and discipline or reprimand deputies/sheriffs who violate these established policies;

    g. Failing to adequately train and/or supervise deputies/sheriffs regarding protection of detainees and/or arrestees in providing proper medical care.

42. PLAINTIFF's injuries in this case were proximately caused by policies and practices of DEFENDANT MACOMB, which, by its deliberate indifference, allows its deputies/sheriffs to violate the Constitutional rights of citizens without fear or any meaningful investigation or punishment. In this way, DEFENDANT MACOMB violated PLAINTIFF'S rights since it created the opportunity for the individually named DEFENDANTS to commit the foregoing Constitutional violations.

43. The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute de facto policy in the DEFENDANT MACOMB sheriffs' department.

44. The widespread practices described in preceding paragraphs were allowed to flourish because DEFENDANT MACOMB has declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight and/or punishment of deputies/sheriff's misconduct.

45. The policies and practices of DEFENDANT MACOMB directly and approximately led to the injuries PLAINTIFF suffered at the hands of DEFENDANT GORGES and DEFENDANT BACKERS.

46. As a direct and proximate result of said Constitutional violations, PLAINTIFF suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present, and future.

## COUNT II:
## §1983 EXCESSIVE FORCE

### (DEFENDANT GORGES and DEFENDANT BACKERS)

47. PLAINTIFF incorporates by reference the above paragraphs.

48. As more fully described in the preceding paragraphs, the intentional conduct of DEFENDANT GORGES and DEFENDANT BACKERS toward PLAINTIFF was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

49. As a direct and proximate result of DEFENDANT GORGES and DEFENDANT BACKERS use of excessive force, PLAINTIFF suffered injuries and damages including but not limited to physical injuries about her head, body, mouth, jaw, neck; as well as emotional injuries, all past, present and future; as well as loss of enjoyment of life, humiliation and degradation; as described in preceding paragraphs and which will be proven at trial.

## COUNT III:
## ASSAULT AND BATTERY

### (DEFENDANT GORGES and DEFENDANT BACKERS)

50. PLAINTIFF incorporates by reference the above paragraphs.

51. As more fully described in the preceding paragraphs, DEFENDANT GORGES and DEFENDANT BACKERS, while acting within the scope of their employment, did threaten and/or cause PLAINTIFF to be threatened with involuntary, unnecessary, and excessive physical contact, namely the touching of PLAINTIFF and/or threatening of harm to PLAINTIFF, as described above, and which acts constitute assault and battery upon her person.

52. The physical contact and/or threat of contact was unnecessary and excessive; furthermore, said physical contact on PLAINTIFF was without

legal justification.

53. As a direct and proximate result of DEFENDANT GORGES and DEFENDANT BACKERS aforementioned assault and/or battery upon PLAINTIFF and/or the failure to stop the unnecessary threat and/or use of force, PLAINTIFF suffered injuries and damages including but not limited to physical injuries about her head, body, neck, mouth, jaw; as well as emotional injuries, all past, present and future; as well as loss of enjoyment of life, humiliation and degradation; as described in preceding paragraphs and which will be proven at trial.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(DEFENDANT GORGES and DEFENDANT BACKERS)**

54. PLAINTIFF incorporates by reference the above paragraphs.

55. In the manner described more fully above, the DEFENDANT GORGES and DEFENDANT BACKERS engaged in extreme and outrageous conduct.

56. By assaulting and using excessive force upon PLAINTIFF, DEFENDANT GORGES and DEFENDANT BACKERS either intended that their conduct would cause severe emotional distress to PLAINTIFF or knew that there was

a high probability that their conduct would cause severe emotional distress to PLAINTIFF.

57. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

58. As a proximate result of this misconduct, PLAINTIFF suffered injuries including but not limited to severe emotional distress.

## COUNT V:
## CIVIL CONSPIRACY

### (ALL DEFENDANTS)

59. PLAINTIFF incorporates by reference the above paragraphs.

60. DEFENDANTS knew how PLAINTIFF'S injuries were caused.

61. DEFENDANTS knowingly acted in concert and conspired to conceal how PLAINTIFF received her injuries.

62. DEFENDANTS knew that DEFENDANT GORGES and DEFENDANT BACKERS were the cause of PLAINTIFF'S injuries.

63. DEFENDANT JOHN and DEFENDANT JANE furthered the conspiracy by giving hospital staff on two separate occasions false information about how PLAINTIFF received her injuries.

15

64. DEFENDANTS' plan to conceal how PLAINTIFF received her injuries were unlawful and/or were done through unlawful means.

65. DEFENDANTS' concerted acts and conspiracy has damaged PLAINTIFF physically, mentally, and emotionally.

66. The above acts constitute civil conspiracy amongst DEFENDANTS.

   WHEREFORE, PLAINTIFF request the following relief:

   a. Compensatory non-economic and economic damages in excess of $75,000 including but not limited to, all damages recoverable under the United States Constitution and/or 42 U.S.C § 1983 and/or the laws of the State of Michigan including;

   b. Exemplary/Punitive damages;

   c. Reasonable attorney fees, costs, and interest; and,

   d. Such other and further relief as appears reasonable and just under the circumstances.

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her counsel and hereby demands a trial by jury.

Dated:  November 22, 2021	Respectfully submitted,

	<u>/s/Ivan L. Land</u>
	Ivan L. Land
	*Law Offices of Ivan L. Land, P.C.*
	25900 Greenfield Rd., Suite 210
	Oak Park, MI  48237-1267
	248.968.4545 / (f) 248.968.4540
	<u>ill4law@aol.com</u>
	P65879

	*Attorneys for Plaintiff*

18